UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISAIAH WATSON,

    Petitioner,

v.                                                                                              Case No. 6:07-cr-307-Orl-31KRS

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____

**ORDER**

This action is before the Court on the Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus.  (Doc. No. 12, filed May 7, 2007).  Petitioner filed a Reply in opposition to the Motion to Dismiss.  (Doc. No. 14, filed May 23, 2007).

Respondents contend that this Court does not have jurisdiction to consider the petition for writ of habeas corpus filed by Petitioner on February 28, 2007, because it is a second or successive petition, and Petitioner has not obtained leave from the Eleventh Circuit Court of Appeal to file such a petition pursuant to 28 U.S.C. section 2244(b)(3)(A). (Doc. No. 12).  Respondents note that Petitioner previously filed a petition in federal court regarding the same convictions he challenges in the instant petition – Case Number 6:02-cv-799-Orl-19KRS.  This Court denied Petitioner's first petition on January 21, 2004, and the Eleventh Circuit denied his request for a certificate of appealability. (Case Number 6:02-cv-

799-Orl-19KRS, at Doc. Nos. 22 & 29). In 2005, the Eleventh Circuit denied Petitioner's application for leave to file a second or successive petition. (Doc. No. 12, Exhibit 1).

Petitioner does not dispute that he previously filed a petition for writ of habeas corpus regarding the same convictions at issue in the instant petition. And he does not claim to have obtained leave from the Eleventh Circuit to file the instant petition. Instead, Petitioner argues that the instant petition should not be considered successive under section 2244(b)(3)(A), because the first petition "never raised the grounds" asserted in the instant petition. (Doc. No. 14 (citing *Baker v. State*, 878 So. 2d 1236 (Fla. 2004)). Petitioner's argument fails because: (1) he has not argued that his new claims rely "on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence;" and (2) any argument that his new claims are based upon new facts or law must be presented the Eleventh Circuit. *See Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005).[1]

---

[1]Section 2244, sets forth three requirements for successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.

*See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2647-48 (2005) (holding that a Rule 60(b) motion for relief from judgment in a habeas corpus case brought under 28 U.S.C. § 2254 should be characterized as a second or successive petition pursuant to 28 U.S.C. § 2244(b) "if it seeks to add a new ground for relief").

Accordingly, Respondents' Motion to Dismiss (Doc. No. 12) is **GRANTED**. This case is dismissed without prejudice, and the Clerk of the Court is directed to **CLOSE** this case.

**DONE AND ORDERED** at Orlando, Florida, this 8th day of June, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Gregory A. Presnell
　　　　　　　　　　　　　　　　　　　　　　　　　　GREGORY A. PRESNELL
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies to:
pslc 6/11
Counsel of Record
Isaiah Watson